JOHN LEWIS, Appellant v. THOMAS WEIR, appellee.

This court will not grant a mandamus to the Common Pleas to reinstate an appeal, which is dismissed on some other day than the one appointed by the order of that court for the trial of appeals, if that court, upon an examination of the case, should be satisfied that the appeal must ultimately be dismissed for irregularity.

This was an application for a mandamus submitted to this court, upon the following statement of facts, signed by the judges of the court of Common Pleas of the county of Somerset.

"The appeal stood No. 13 on the list of appeals to be tried at the present January term of the court, 1834, and that not only by an order made by said court, but also by the rules of the court. All appeals pending in said court were set down for hearing, and to be tried in the second week of the term, commencing on Monday. That on the first and second days of this present term, many of the parties in the appeals, as also their attornies, (among whom was said appellant) were informed by the court from the bench, that all the appeals were set down for hearing on the then next Monday, and that the parties must then be prepared; that on Friday of the first week of the term, to wit, January 10th, *William L. Dayton,* esq. in behalf of the

above named appellee, applied to said court to dismiss this appeal, because no appeal bond was filed with the justice, (prout the papers) and stated that if his motion were rejected by the court, the case should be laid over for hearing to the next Monday ; and insisted that as his application was upon a principle of law, and not in relation to the merits of the plaintiff's cause of action, it was not a violation of the order and rules of the court respecting the trial of appeals. Thomas A. Hartwell, esq. informed the court that he was of counsel for Lewis, and that he had other counsel employed who was not then attending court ; that said Lewis was in court on Tuesday or Wednesday of the present term, when information was given by the court, that the appeals would be tried on Monday next; that Mr. Lewis was then informed by him, that his appeal could not be heard until the following Monday. The court allowed Mr. Dayton to make his application, and after argument of counsel in behalf of appellee, no person appearing for said Lewis, and due consideration by the court, the court ordered said appeal to be dismissed."

*W. L. Dayton*, for appellant.

*Hartwell*, for appellee.

The opinion of the court was delivered by

RYERSON J. The Court of Common Pleas had made an order in the early part of the term, that all appeals should stand over for trial until the second week of the term. Notice of that order had been given to the parties attending on appeals, in consequence of which they and their witnesses had left the court.

Subsequently, and during the first week of the term, the counsel for the appellee moved to dismiss the appeal on the ground that no appeal bond had been filed. This motion was resisted by the counsel of the appellant, as being out of order and in violation of the previous rule of court, postponing all appeals to the next week. The court however sustained the motion and dismissed the appeal. This is now complained of, and a mandamus applied for with a view to have the appeal restored.

We entertain strong doubts of the propriety of the Court of Common Pleas, under these circumstances, making any order

which would finally conclude the rights of the parties, at a time when they were not bound to be present in court in person or by counsel. We do not mean to question the propriety of their making any order tending to the perfecting of the appeal, or any other merely interlocutory rule or order.

But in this particular case the application is refused, as on looking into the papers we are satisfied the appeal must ultimately be dismissed, being irregularly before the court. And the party has the less reason to complain, as the motion to dismiss was made in the presence of his counsel, who declined making any attempt to sustain the appeal.    Motion refused.